1 THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN 256535)
2 5100 Campus Drive, Suite 200
Newport Beach, CA 92614
3 Telephone: (949) 825-5200
Facsimile: (949) 313-5001
4 Email: cameron@sethatlaw.com

5 Attorney for Plaintiff, K.P, a minor, by and through
6 her guardian ad litem, Crystal Loomis

7 **UNITED STATES DISTRICT COURT**

8 **CENTRAL DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| **K.P., a minor, by and through her guardian ad litem, CRYSTAL LOOMIS, individually;**<br><br>**Plaintiff,**<br><br>v.<br><br>**SAN BERNARDINO COUNTY, a Governmental Entity; C. MORALES; and DOES 1 through 10, inclusive,**<br><br>**Defendants.** | Case No.:<br><br>**COMPLAINT:**<br><br>1. **UNREASONABLE SEARCH AND SEIZURE-EXCESSIVE FORCE (42 U.S.C. § 1983)**<br>2. *Monell*-**MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY (42 U.S.C. § 1983)**<br>3. *Monell*-**FAILURE TO TRAIN (42 U.SC. § 1983)**<br>4. **BATTERY (STATE)**<br>5. **NEGLIGENCE (STATE)**<br>6. **VIOLATION OF BANE ACT (CAL. CIV. CODE §52.1)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff K.P., a minor, by and through her guardian ad litem, CRYSTAL LOOMIS, for her Complaint against Defendants the SAN BERNARDINO COUNTY, the San Bernardino Sheriff's Department, San Bernardino Sheriff's Department Deputy C. MORALES, DOE 1, DOE 2, DOE 3, DOE 4, DOE 5, and DOES 6 thru 10, and alleges as follows:

## INTRODUCTION

1. This case challenges the unjustified assault and excessive force used against K.P., hereinafter referred to as "Plaintiff," by the SAN BERNARDINO COUNTY, the San Bernardino Sheriff's Department, San Bernardino Sheriff's Department Deputy C. MORALES, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5 (together as "Defendants"). At the time of the assault, Plaintiff was complying with Defendant(s), had surrendered to Defendant(s), and was unarmed while prone on the pavement when Defendant Deputy Sheriff C. MORALES, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5 viciously assaulted Plaintiff causing her to break her arm and sustain a comminuted displaced fracture of the left proximal humerus. Defendant C. MORALES and Defendant DOES caused Plaintiff to suffer serious bodily injury, including a comminuted displaced fracture of the left proximal humerus, irreparable damage to her shoulder, and permanent loss of range of motion and impairment to the functioning of her left upper arm and shoulder. Plaintiff also suffered multiple abrasions and contusions. (See attached exhibit "A"-radiographic image of Plaintiff's left humerus. A copy is produced below:)



Plaintiff was under continuous physical assault by Defendant Deputy Sheriff C. MORALES, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5. Defendants had no probable cause to believe that Plaintiff had threatened officers or was in the process of threatening anyone's life with any force whatsoever. Neither had Plaintiff committed any aggressive act at the Defendants, as claimed, to justify any type of force used against her. At no time during Plaintiff's encounter with Defendant Officer C. MORALES, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5 was Plaintiff resisting arrest. Plaintiff had surrendered to the Defendant officers and fully complied with all commands. Plaintiff was not posing any legitimate threat to either warrant lethal or non-lethal force to be used against her. Defendant Officer C. MORALES, DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5 used excessive force against Plaintiff and caused Plaintiff to suffer serious bodily injuries.

    2.    The use of force against Plaintiff was unconstitutional and violated clearly established law that would have been known to any reasonable police officer.

## PARTIES

3. At the time of filing the Complaint, Plaintiff, a minor, by and through her guardian Crystal Loomis, was a resident of the County of San Bernardino, California.

4. Plaintiff was fourteen years of age at the time of the incident on January 7, 2023. Plaintiff was diminutive in size, weighing approximately one hundred pounds while standing five feet and four inches tall.

5. At all relevant times, Defendant SAN BERNARDINO COUNTY ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, COUNTY was the employer of Defendants DOES 1 through 5 ("DOE OFFICERS"), who were San Bernardino County Sheriff's Department officers and/or City of Rancho Cucamonga police officers. At all relevant times, C. MORALES was a deputy sheriff with the San Bernardino County Sheriff's Department.

6. At all relevant times, Defendants DOES 1 through 5 were duly authorized employees and agents of the COUNTY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant COUNTY.

7. At all times relevant, Defendants DOES 1 through 5 were duly appointed officers and/or employees or agents of the COUNTY, subject to oversight and supervision by COUNTY 's elected and non-elected officials.

8. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Defendant herein.

9. The true names of Defendants DOES 1 through 5 are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of

these Defendants when they have been ascertained. Each of the fictitious named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1 through 5 were acting on the implied and actual permission and consent of COUNTY.

**JURISDICTION AND VENUE**

11. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution, as well as by California State laws. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Plaintiff and Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the City of Rancho Cucamonga, San Bernardino County, within the Central District of California.

13. Pursuant to California Government Code § 910 et seq., a government Tort Claim was forwarded to the City of Rancho Cucamonga on May 4, 2023. This tort claim was rejected the City of Rancho Cucamonga on June 2, 2023. Accordingly, Plaintiff filed the present lawsuit.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

14. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15. On of about January 7, 2023, at approximately 6:00 p.m., Plaintiff exited a Macy's Store and entered a parking lot of the Victoria Gardens Mall.

16. Plaintiff saw a number of police cars in the parking lot that appeared to be following her.

17. Plaintiff ran toward the end of the parking lot.

18. When plaintiff reached the end of the parking lot she stopped running.

19. Defendant MORALES tackled plaintiff.

20. Plaintiff was prone on the ground.

21. Defendant twisted and hyperextended Plaintiff's arm preparing to handcuff her.

22. Then without reason, Defendant knelt down on her arm and back with both knees placing his weight on her arm. Plaintiff sustained a comminuted displaced fracture of her proximal humerus.

23. Although plaintiff was not resisting arrest, Defendant MORALES continued to kneel on plaintiff's twisted and broken arm for approximately one minute to deliberately inflict and prolong her pain while making no attempt to place handcuffs on plaintiff's wrists.

24. Once defendant MORALES finally placed handcuffs on plaintiff he stopped kneeling on her arm and placed her in a police vehicle.

25. Defendant MORALES Does 1 through 5 then ignored plaintiff's complaints of arm pain and her complaints that her arm was broken and refused to provide any medical treatment.

26. At no time during Plaintiff's encounter with C. MORALES, Defendants DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5 was Plaintiff resisting arrest.

27. Plaintiff was unarmed, had surrendered, and did not pose any objectively reasonable threat of serious bodily harm or death to the defendant officers to warrant being tackled to the ground, have her arm twisted behind her

back and painfully pinned to the ground with both of Defendant MORALES' knees crushing plaintiff's arm and back.

28. At the San Antonio Regional Hospital Emergency department on January 7, 2023, Plaintiff was diagnosed with a comminuted displaced fracture of the proximal humerus.

29. Plaintiff was deprived of her interests protected by the Constitution or laws of the United States, and Defendants caused all such deprivations while acting under color of state law.

30. All acts or omissions alleged to have been engaged by any individual Defendants were committed with evil motive and intent, and in callous, reckless, and wanton disregard to the individual rights of Plaintiff.

**FIRST CLAIM FOR RELIEF**
**Unreasonable Search and Seizure-**
**Excessive Force (42 U.S.C. § 1983)**
**(Against Defendants CITY, C. MORALES, and DOES 1-5)**

31. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as if fully set forth herein.

32. The unreasonable use of force by Defendants, including tackling Plaintiff, pinning her to the ground and kneeling on her arm and back in such a way as to fracture her shoulder, deprived her of her right to be secure in his person against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33. Defendants C. MORALES and DOES 1 through 5 used excessive force while apprehending Plaintiff.

34. Defendants' actions caused Plaintiff to suffer a facial laceration, bruising, and a displaced comminuted fracture of her left proximal humerus.

35. Defendants C. MORALES, DOES 1 through 5 then grabbed Plaintiff by her arm and threw Plaintiff into the back of a Sheriff's Department patrol car.

36. All unreasonable seizures that preceded the arrest of Plaintiff constituted reckless and intentional escalations of the situation which directly led to the use of excessive force, therefore violating Plaintiff's right under the Fourth Amendment to be free from unreasonable searches and seizures.

37. Defendant C. MORALES and Defendants DOES 1 through 5 are liable because they were integral participants in these violations, or failed to intervene to prevent these violations.

38. As a result, Plaintiff suffered extreme pain and suffering, facial lacerations, bruising, a displaced comminuted fracture of her left proximal humerus, incurred medical expenses, permanent loss or range of motion and impairment to the functioning of her left shoulder, and future general and special damages.

39. The conduct of Defendants C. MORALES and DOES 1 through 5 was willful, wanton, malicious, and done with reckless disregard for Plaintiff and Plaintiff's rights and safety and therefore warrants the imposition of exemplary and punitive damages.

**SECOND CLAIM FOR RELIEF**
**Municipal Liability for Unconstitutional Custom, Practice, or Policy**
**(42 U.S.C. § 1983)**
**(Against Defendants CITY, and DOES 6 through 10)**

40. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41. On and for some time prior to January 7, 2023, (and continuing to the present date) Defendant COUNTY deprived Plaintiff of the rights and liberties secured to her by the Fourth Amendment to the United States Constitution, in that said Defendant and their supervising and managerial employees, agents, and

representatives, acted with reckless and deliberate indifference to the rights and liberties of Plaintiff and of persons in his class, situation, and comparable position in particular, knowingly maintained, enforced and applied an official recognized county custom, policy, and practice of: acting with excessive force against arrestee's while failing to take any meaningful corrective measures despite being aware of the inherent danger in applying excessive force to a human being. The following is a list of *Monell* violations:

(a) Falsifying police reports to justify that injuries were caused from some coincidental and unrelated event from the use of excessive force such as claiming that a suspect "fell on her own" (b) the COUNTY failed to train its patrol staff to implement adequate policies, procedures, and customs to protect individuals from the use of excessive force.

(c) the COUNTY failed to implement a custom, policy, and practice regarding the proper use of excessive force by officers and deputies.

(d) the COUNTY failed to implement a custom, policy, and practice of properly assessing incidents involving excessive force so as to reduce the likelihood of future incidents involving excessive force from occurring.

(e) the COUNTY failed to implement a custom, policy, and practice of properly documenting custodial arrests in police reports.

(f) the COUNTY failed to implement a custom, policy, and practice of ensuring open and adequate communication with and medical care for arrestee's who suffer serious bodily injuries due to the use of excessive force by sheriffs, officers, and deputies.

42. By reason of the aforementioned policies and practices of Defendants and the COUNTY, Plaintiff has suffered serious bodily injuries.

43. Defendant COUNTY, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having

knowledge as stated above, these defendants condoned, tolerated and through actions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

44. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendant COUNTY acted with an intentional, reckless, and callous disregard for the well-being of Plaintiff and her constitutional as well as human rights.

45. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant COUNTY were affirmatively linked to and were a significantly influential force behind the Plaintiff's injuries.

46. As a direct and legal result of Defendants' acts, Plaintiff has suffered damages, including, without limitation, past pain and suffering, loss of enjoyment of life, and compensatory damages. Such damages including attorneys' fees, costs of suit, and other losses not yet ascertained. Additionally, Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

47. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants COUNTY, and Defendant DOES 1-10 were affirmatively linked to and were a significantly influential force behind the Plaintiffs injuries.

48. Accordingly, Defendants CITY and DOE OFFICERS each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF
**Failure to Train**
**(42 U.S.C. § 1983)**
**(Against Defendants CITY, and DOES 6 through 10)**

49. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50. At all relevant times, Defendant C. MORALES was acting under color of state law. When Defendant MORALES detained and arrested Plaintiff, he exercised power possessed by virtue of state law and made possible only because MORALES was clothed with the authority of state law. On information and belief, Defendants COUNTY, and DOES 6-10 failed to properly and adequately train MAYORGA, including with respect to detentions, arrests, and the use of force and deadly force generally.

51. The training polices of Defendants COUNTY, MORALES, and DOES 1-5 were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of deadly force.

52. Specifically, on January 7, 2023, MORALES was involved in an incident in which MORALESA used unjustified force and Does 1 through 5 stood by and knowingly allowed unjustified force to be used resulting in Plaintiff suffering serious bodily injuries.

53. Defendants COUNTY and DOES 6-10 were deliberately indifferent to the obvious consequences of the failure to train San Bernardino Sheriff's department officers and deputies adequately in the proper application of physical force.

54. The failure of Defendants COUNTY, MORALES, and DOES 6-10 to provide adequate training caused the deprivation of Plaintiff's rights. Defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

55. As a direct and proximate result of the aforementioned failure to train, Plaintiff suffered extreme mental and physical pain and suffering, serious bodily injury, and psychological distress.

56. Also, as a direct and proximate result of the aforementioned failure to train, Plaintiff suffered serious physical injuries and disfigurement, past and future pain and suffering, past and future emotional distress, and past and future medical expenses.

57. Accordingly, Defendants COUNTY, MAYORGA and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF
### Battery
### (Against Defendants C. MORALES, and DOES 1-5)

58. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59. Defendant C. MORALES and DOES 1 through 5, while working as Officers and/or deputies for the COUNTY Sheriff's Department, and acting within the course and scope of their duties, intentionally used force against Plaintiff, including but not limited to tackling plaintiff, twisting and hyperextending her arm, and kneeling on her arm in such a way as to cause a comminuted displaced fracture of her left proximal humerus. Defendant C. MORALES and Defendant DOES 1 through 5 had no legal justification for using force against Plaintiff, and their use of force while carrying out their duties was unreasonable.

60. Plaintiff suffered serious harm as a direct and proximate result of the conduct of Defendant C. MORALES and Defendant DOES 1 through 5 as alleged above.

61. Defendant COUNTY is vicariously liable for the wrongful acts of Defendant DOES 1 through 5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

62. The conduct of Defendant DOES 1 through 5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, entitling Plaintiff to an award of exemplary and punitive damages, along with general and special damages.

### FIFTH CLAIM OF RELIEF
### Negligence (G.C. §815.2)
### (Against Defendants CITY, C. MORALES, and DOES 1-5)

63. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64. The actions and inactions of COUNTY employees, including Defendant C. MORALES and DOES 1 through 5 were negligent and reckless, including but not limited to: (a) the failure to properly and adequately assess the need to detain, arrest, and use force against Plaintiff; (b) the failure to monitor and record any use of force by the COUNTY Sheriff's Department Officers, including Defendant C. MORALES and Defendant DOES 1 through 5; (c) the failure to monitor and record any injuries specifically caused by the use of force by the COUNTY, Sheriff's Department, their deputies and officers, including Defendant C. MORALES and Defendant DOES 1 through 5; (d) the negligent tactics and decisions; (e) the negligent detention, arrest, and use of force against Plaintiff; (f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect Plaintiff's rights; (g) the negligent handling of evidence and witnesses; and (h) the negligent communication of information during the incident.

65. Plaintiff suffered harm, as a direct and proximate result of the COUNTY employees' conduct as alleged above.

66. the COUNTY is vicariously liable for the wrongful acts of its employees, including Defendant C. MORALES and Defendant DOES 1 through 5, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

67. The conduct of COUNTY employees, including Defendant C. MORALES and Defendant DOES 1 through 5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

68. Plaintiff seeks economic damages, general and punitive damages, along with reasonable attorney's fees.

## SIXTH CLAIM FOR RELIEF
**Violation of Bane Act (Cal. Civ. Cod §52.1)**
**(Against Defendants CITY, C. MORALES, and DOES 1-5)**

69. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70. Defendant C. MORALES and DOES 1 through 5 attempted to interfere with and did interfere with the rights of Plaintiff's free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, by threatening and committing violent acts.

71. Plaintiff reasonably believed that if she exercised her rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, Defendant C. MORALES and Defendant DOES 1-5 would commit violence against her.

72. Defendant C. MORALES and Defendant DOES 1 through 5 injured Plaintiff to prevent her from exercising his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, and retaliate against her for having exercised her rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure.

73. The conduct of Defendant C. MORALES and Defendant DOES 1 through 5 was a substantial factor in causing harm to Plaintiff.

74. Defendant COUNTY is vicariously liable for the wrongful acts of Defendant C. MORALES and Defendant DOES 1 through 5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

75. The conduct of Defendant C. MORALES and Defendant DOES 1 through 5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

76. Plaintiff seeks economic damages, general and punitive damages, along with reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendant COUNTY, Defendant C. MORALES, and DOES 1 through 5, inclusive, as follows:

1. For general and special damages under federal and state law, in an amount to be proven at trial;

2. For punitive damages against the individual defendants in an amount to be proven at trial;

3. For interest;

4. For reasonable costs of this suit and attorneys' fees; and

5. For such further other relief as the Court may deem just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATE: August 3, 2023                THE SEHAT LAW FIRM, PLC


By: */s/ Cameron Sehat*
Attorney for Plaintiff